**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1597-24

BIG A 1894 ROUTE 23N, LLC,

    Plaintiff-Respondent,

v.

VANS & TRUCKS, LLC and
YOURIK ATAKHANIAN,

    Defendants-Appellants.

_____

Submitted January 14, 2026 – Decided July 28, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. LT-000718-24.

Hegge & Confusione, LLC, attorneys for appellants (Michael Confusione, of counsel and on the briefs).

Aronsohn Weiner Salerno & Kaufman, attorneys for respondent (Gerald R. Salerno and Steven R. Vanderlinden, on the brief).

PER CURIAM

In this commercial landlord-tenant case, defendants Vans & Trucks, LLC (Vans) and Yourik Atakhanian appeal a judgment for possession of property, which the trial court entered after finding defendants had breached the parties' settlement agreement. They also appeal subsequent orders temporarily staying a warrant of removal and denying their order to show cause (OTSC) application, seeking a stay of the judgment and the warrant. Discerning no error, we affirm.

I.

On September 29, 2021, plaintiff Big A 1894 Route 23N, LLC, as landlord, and Vans, as tenant, entered into a twenty-year commercial lease agreement for property located in West Milford. Atakhanian was a "shareholder, officer and director of" Vans. He signed the lease on behalf of Vans and individually as a guarantor of Vans's "financial obligations" and "all of [its] other obligations."

Under the lease, the parties agreed Vans would "use the [property] for all autobody shop [sic], a mechanical shop and any other licenses that are granted by the Township of West Milford, pertaining to the sales, servicing, repairing and/or salvage yard." The lease required monthly payments of rent, which increased every year by a pre-determined amount specified in the lease. The lease also provided that if Vans "le[ft] any property in the [r]ental [s]pace,"

2

plaintiff could "[d]ispose of such property and charge [Vans] for [t]he cost of disposal" or "[k]eep such property as having been abandoned."

On February 4, 2024, plaintiff filed an eviction action against defendants, alleging non-payment of rent in the amount of $15,331.93. After conducting a bench trial, the court entered a May 21, 2024 order of disposition and a June 5, 2024 judgment for possession, finding plaintiff had proven a cause of action for possession based on non-payment of rent totaling $76,425 through the date of the trial. A warrant for removal was subsequently issued based on the judgment for possession.

While before the court on defendants' application for an OTSC, the parties entered into a settlement agreement and placed its terms on the record on June 12, 2024. The oral settlement included defendants' timely payment of July rent in full and the execution of a written consent judgment. Because defendants failed to comply with the settlement agreement placed on the record, on July 6, 2024, plaintiff moved to enforce the settlement, contending defendants had failed to pay the July rent timely and to execute the consent order memorializing the June 12 settlement terms. The court entered a July 12, 2024 judgment for possession, indicating it previously had conducted a trial on plaintiff's complaint

3

for possession based on non-payment of rent and finding plaintiff had proven that claim, with rent arrears totaling $16,555.50.

On July 23, 2024, the parties executed and filed a consent order memorializing their June 12, 2024 settlement agreement. The parties agreed the June 5, 2024 judgment for possession entered after the May 21 trial would "remain in full force and effect" while the warrant of removal was stayed until November 30, 2024. The parties characterized the stay as a "[h]ardship [s]tay." Hardship stays "mitigate the harsh nature of the summary-dispossess procedure by postponing for a limited time the execution of a warrant of removal if the eviction presents a hardship to the tenant." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 282 (1994). Pursuant to the express terms of the parties' agreement, defendants were obligated to "continue to abide by all [l]ease provisions and pay rent and additional rent in a timely fashion in accordance with the [l]ease" during the stay.

On November 12, 2024, plaintiff moved to enforce the July 23, 2024 consent order embodying the June 12, 2024 settlement agreement, citing Rule 6:7-1(d), and for a warrant of removal based on defendants' purported breach of the agreement. Plaintiff supported its motion with a certification of its

A-1597-24

representative. Plaintiff asked the court to terminate the stay and immediately issue a warrant of removal.

Plaintiff alleged defendants had breached the provision of the consent order requiring them to "continue to abide by all lease provisions." According to plaintiff, defendants "ha[d] encroached on the property of the Newark Watershed and parked disabled cars which [we]re cut open and leaking fluids," thereby "contaminating both the leased premises and the Watershed property." In addition, plaintiff contended defendants had hired a contractor to place improperly-contained "asphalt millings on the leased premises and the Watershed property," describing "[m]illings" as "a major environmental problem in the State." Plaintiff asserted defendants had "polluted both properties" and "endangered [p]laintiff's standing with the Newark Watershed." "[T]he Newark Watershed Property, [is] a large tract located in seven municipalities and three counties, which contain[s] a reservoir and surrounding land." Newark City v. Jefferson Twp., 13 N.J. Tax 217, 219 (App. Div. 1992).

Plaintiff contended that by those actions, defendants had violated paragraphs 1(c), 1(f), 14, and 21 of the lease. Paragraph 1(c) prohibited Vans from "us[ing the property] for any unlawful or hazardous purpose." Paragraph 1(f) required Vans to "operate its business and maintain the [property] in

5

accordance with all laws and ordinances . . . of all federal, state, county and municipal governments." Paragraph 14 barred Vans from "mak[ing] any changes or additions to the [property] without [plaintiff's] written consent." Paragraph 21 required Vans, among other things, to "comply with the Industrial Site [Recovery] Act, N.J.S.A. 13:1K-6 [to -14] . . . and all requirements of[] the New Jersey Department of Environmental Protection."

On appeal, defendants dispute plaintiff's factual assertions regarding their breaches of the lease, citing to certifications of defense counsel and Atakhanian they submitted in support of their March 11, 2025 motion before this court for a stay pending appeal and documents they submitted in support of their July 8, 2025 motion before this court to vacate the November 18, 2024 judgment of possession. Nothing in the record indicates those documents were submitted to the trial court in opposition to plaintiff's motion to enforce the settlement.

On November 18, 2024, the court entered a judgment for possession in plaintiff's favor based on defendants' breach of the consent order. A warrant of removal was issued the next day.

After a December 2, 2024 lockout, defendants applied for an OTSC, stating they "need[ed] to know more about the [case] that was brought against [them]" and to retain counsel. Defendants were represented by counsel when

6

they entered into the July 23, 2024 consent order. At the OTSC hearing, defendants requested a stay of the judgment of possession. Opposing that request, plaintiff's counsel asserted defendants "ha[ve]n't been taking th[e] stay seriously" because they had "not made any attempt to start removing cars" from the property. He also pointed out the time period for the hardship stay had ended on November 30.

The court issued a December 2, 2024 order for orderly removal, directing plaintiff to restore Vans to possession of the leased premises and staying the execution of the warrant of removal until December 10, 2024. The court explained on the record that "[n]o further applications will be granted for extra time to move or remove tenant's personal property from the premises" and that any personal property not removed in those seven days would "be deemed abandoned" and plaintiff would be allowed to "dispose of such property in any manner in which the landlord may decide and the landlord shall have no responsibility or liability for any such property or the proceeds of any sale or other dispositions thereof."

On December 10, 2024, defendants again applied for an OTSC, "requesting [an] [e]xtension" of the stay. At the hearing, defendants argued "seven days [wa]s not enough [time] to remove a whole junkyard" and asked the

judge to grant them additional time to remove their personal property from the leased premises. In a December 10, 2024 order, the court denied defendants' application, permitting the judgment for possession and warrant of removal to "remain in effect and the lockout [to] proceed as scheduled."

This appeal of the November 18, 2024 judgment and the December 2, 2024 and December 10, 2024 orders followed.

## II.

A lease is a contract. Town of Kearny v. Disc. City of Old Bridge, Inc., 205 N.J. 386, 411 (2011). A settlement agreement is a contract "which 'may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts.'" Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005) (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983)) (internal quotation marks omitted). "A consent order is, in essence, an agreement of the parties that has been approved by the court." Hurwitz v. AHS Hosp. Corp., 438 N.J. Super. 269, 292 (App. Div. 2014). Accordingly, we analyze the lease and the parties' settlement agreement, as memorialized in the July 23, 2024 consent order, under the familiar rules of contract interpretation. See Quinn v. Quinn, 225 N.J. 34,

45 (2016) (finding "[a] settlement agreement is governed by basic contract principles").

"The interpretation and construction of a contract is a matter of law for the trial court, subject to de novo review on appeal." Cumberland Farms, Inc. v. N.J. Dep't of Env't Prot., 447 N.J. Super. 423, 438 (App. Div. 2016). "The plain language of the contract is the cornerstone of [a court's] interpretive inquiry." Extech Bldg. Materials, Inc. v. E&N Constr. Inc., 262 N.J. 271, 280 (2025) (alteration in original) (quoting Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020)). "[U]nambiguous contracts will be enforced as written unless they are illegal or otherwise violate public policy." Ibid. (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014)). The "court's task was 'not to rewrite a contract for the parties better than or different from the one they wrote for themselves.'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 483 (2016) (quoting Kieffer v. Best Buy, 205 N.J. 213, 223 (2011)).

We note at the outset that our courts generally "do not resolve issues that have become moot due to the passage of time or intervening events." Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)). "An issue is 'moot when [the] decision sought in a matter, when rendered, can have no practical

effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).   The July 23, 2024 consent order granted defendants a hardship stay until November 30, 2024.  The initial attempted lockout occurred on December 2, 2024, after the hardship stay had expired.  Defendants have not demonstrated Vans was entitled to remain on the premises after the parties' agreed-upon November 30, 2024 deadline.  Having "no practical effect," defendants' arguments on appeal are moot.  Mitchell, 422 N.J. Super. at 221. We, however, consider them in the interest of completeness.

Defendants fault plaintiff for filing the motion to enforce the settlement agreement sixteen days before the expiration of the hardship stay.  But nothing in the settlement agreement required plaintiff to forbear moving to enforce its terms until the stay ended.  Moreover, given that no lockout occurred until after the hardship stay ended, we discern no prejudice to defendants based on the timing of the filing of the motion.

Defendants contend the consent order did not expressly identify termination of its terms as a remedy for defendants' breach.  Basic contract law provides that remedy.  In the July 23, 2024 consent order, the parties agreed the June 5, 2024 judgment for possession would remain "in full force and effect."

A-1597-24

Defendants agreed to "continue to abide by all [l]ease provisions" while plaintiff agreed to a hardship stay of the warrant of removal. Because defendants breached the settlement agreement by failing to abide by all lease provisions, plaintiff was no longer bound by the stay provision in the settlement agreement. See Vosough v. Kierce, 437 N.J. Super. 218, 243 (App. Div. 2014) (finding "[a] material breach of a contract relieves an aggrieved party of its obligations under the contract"); Magnet Res., Inc. v. Summit MR, Inc., 318 N.J. Super. 275, 285 (App. Div. 1998) (finding "[i]t is black letter contract law that a material breach by either party to a bilateral contract excuses the other party from rendering any further contractual performance").

Defendants argue the enforcement motion was "invalid" because it "charged the tenant with violating the [s]ettlement [a]greement . . . without providing [Vans] with the [thirty]-day notice to cure that the lease provides." That argument is flawed in that neither the settlement agreement nor the lease provided for a thirty-day cure period or otherwise required plaintiff to give a thirty-day notice before moving to enforce the settlement agreement.

Defendants contend the November 18, 2024 judgment for possession is "not valid on its face" because the phrase "COMMERCIAL NON-PAYMENT" is contained underneath the docket number in its caption. The caption, however,

11

also names the document as a "JUDGMENT FOR POSSESSION AFTER BREACH" and the court expressly stated in the substance of the judgment that the basis for plaintiff's application was defendants' "failure to comply with the terms of the parties' settlement agreement." The one-word error does not render the judgment invalid.

Defendants fault the court for not conducting an evidentiary hearing regarding plaintiff's motion. Defendants assert they "disputed" plaintiff's factual allegations regarding their breach of the lease. But in support of their assertion that they had disputed plaintiff's allegations in the trial court, defendants cite documents they submitted in support of the 2025 motions they filed in this court. Defendants have not demonstrated they actually contested plaintiff's allegations in the trial court, opposed plaintiff's motion, or requested or otherwise merited a hearing. On this record, we discern no error by the court in not conducting an evidentiary hearing.

Finally, defendants contend the court "erred in failing to order [plaintiff] to return [Vans's] property remaining on the premises." They fault the court for explaining on the record at the end of the December 2, 2024 hearing that any personal property left on the premises after the delayed enforcement of the warrant of possession would "be deemed abandoned" and plaintiff could

12

"dispose of such property in any manner in which [it] may decide . . . [with] no responsibility or liability for any such property or the proceeds of any sale or other dispositions thereof." They also suggest plaintiff violated the Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84.

Appellate courts "review orders and not opinions." Primmer v. Harrison, 472 N.J. Super. 173, 187 (App. Div. 2022) (quoting Brown v. Brown, 470 N.J. Super. 457, 463 (App. Div. 2022)). We discern no error in the November 18, 2024 judgment or the December 2, 2024 and December 10, 2024 orders that warrants reversal and, accordingly, affirm them.

To the extent defendants believe that plaintiff violated the law after the court entered that judgment and those orders, defendants may seek recourse, if any, in a separate Law Division action. An evicted tenant may seek in the Law Division damages arising from a wrongful eviction. Daoud v. Mohammad, 402 N.J. Super. 57, 61 (App. Div. 2008). "We do not suggest that such an action should be pursued or would have a favorable outcome; we simply point out that there are means of relief for an aggrieved tenant other than retention of the premises." Id. at 61-62.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

13